# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**WILLIAM WILSON,**

    **Plaintiff,**

    v.                                                                                       **Civil No. 22-1537 (ADC)**

**LUMA PR, LLC,**

    **Defendant.**

## OPINION AND ORDER

    On November 14, 2022, plaintiff filed a *pro se* complaint and an application to proceed in District Court without prepaying fees or costs. **ECF Nos. 1, 2**. According to plaintiff's filings, he has allegedly suffered around $2,500 in "electronic and ISP" losses resulting from defendant LUMA PR, LLC's failure to attend to his maintenance claim regarding an "overvoltage" problem in his home. **ECF No. 2**.

    The Court has a duty to observe and ascertain its own jurisdiction.[1] Fed. R. Civ. P. 12(h)(3). It is well-trodden ground that the federal courts are "courts of limited jurisdiction" and that a "cause of action may be maintained in federal court only if it involves a question of federal law,

---

[1] "It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988).

or if the controversy is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332." *See, Hall v. Curran*, 599 F.3d 70, 71 (1st Cir. 2010).

Here, from the face of the complaint, it is not apparent (nor likely) that plaintiff's claim arises under "the Constitution, laws, or treaties of the United States." *See*, 28 U.S.C. § 1331; *see also*, *López-Muñoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 4 (1st Cir. 2014) ("The 'arising under' analysis is informed by the well-pleaded complaint rule, which requires the federal question to be stated on the face of the plaintiff's well-pleaded complaint.") (internal quotation marks omitted). In addition, plaintiff does not otherwise allege that there is complete diversity of citizenship between the parties or that the claimed damages exceed $75,000. *See*, 28 U.S.C. §1332.[2]

The Court is mindful that *pro se* pleadings are to be "liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, it is crystal clear that plaintiff's complaint cannot sustain this Court's subject matter jurisdiction. His claim, whatever merits it may have, does not belong in federal court.[3]

The motion to proceed *in forma pau peris* at **ECF No. 1** is **GRANTED**. However, the Court must **DISMISS WITHOUT PREJUDICE** the complaint at **ECF No. 2** for lack of subject matter jurisdiction. Consequently, plaintiff's motion to appoint counsel at **ECF No. 3** is **DENIED**.

---

[2] It is plaintiff's burden to establish that the minimum amount in controversy has been met. *See, Abdel–Aleem v. OPK Biotech LLC*, 665 F.3d 38, 41 (1st Cir. 2012).

[3] Notwithstanding, plaintiff may, is he so chooses, file a complaint with the Puerto Rico Court of First Instance.

The Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 7th day of February 2023.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**
